NEW YORK COUNTY NAT. BANK v. HELM–CAMPBELL CO., Limited, et al.

(City Court of New York, Special Term.   March 13, 1908.)

RELEASE—SCOPE AND EXTENT.

A release, in consideration of an assignment, of any indebtedness then due or that might thereafter become due from the assignors, does not cover notes thereafter executed, arising out of a different and independent transaction, and not contemplated when the release was given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, § 73.]

'Action by the New York County National Bank against the Helm-Campbell Company, Limited, and others. Plaintiff demurs to part of the answer. Demurrer sustained.

Frank B. Colton, for plaintiff.
David Tim, for defendant.

FINELITE, J. Plaintiff demurs to the defense of new matter set up in the answer of the defendants on the ground that it is insufficient in law upon the face thereof. The defense demurred to is contained in the paragraph marked "fifth" of said answer, and is as follows:

"That on or about the 31st day of December, 1907, the defendants assigned to the plaintiff various outstanding accounts and indebtedness due it to the amount of over three thousand five hundred ($3,500) dollars, as collateral security, and in full discharge of any and all indebtedness the said Helm-Campbell Company, or the defendants Helm and Campbell, might incur to the plaintiff thereafter; that such assignment should not alone cover any future indebtedness of the said Helm-Campbell Company, but should as well cover any indebtedness of the said Helm and Campbell individually."

The paragraph marked "seventh" is:

"That the said plaintiff in writing accepted said assignment, and in writing in pursuance thereof released the said Helm-Campbell Company and the said Helm and Campbell individually for and on account of any indebtedness then due by either of them or that might hereafter become due from either of said defendants; that such acceptance and release was executed in the name of the plaintiff by James C. Brower, its cashier."

The notes upon which this action is brought were made and delivered on January 6, 1908, payable 10 days thereafter, and on January 21, 1908, also payable 10 days thereafter, and before maturity were indorsed and delivered to this plaintiff. The defense contains no reference to the notes in suit, nor is there any statement or suggestion that either of these notes was contemplated when the release pleaded was given, or that they are in any way connected with any transaction between the parties at or prior to the date of the release. Mere future possible rights or claims cannot form the subject-matter of a release, discharge, or other contract, because they cannot possibly be in contemplation of the parties. Parsons on Contracts (9th Ed.) foot p. 869; Addison on Contracts (8th Ed.) 836. The notes in suit were made and delivered after the alleged release, which necessarily demonstrates that they were for a subsequent consideration, not affected by the release and not intended by the parties so to be. A release of everything due or to become due under a specific contract, in which the parties to the release are jointly interested, releases all benefits thereafter accruing from it, whether the parties knew that there would be any such benefit or not. Kibbe v. Bowen, 50 N. Y. Super. Ct. 422. The notes pleaded in the complaint arose out of a different and independent transaction, and were not contemplated by the parties when the release was given, and not intended to be included therein.

Demurrer sustained, with costs, with leave to plead anew upon the payment of such costs.